UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HECTOR GARCIA,

    Defendant.

2:07-cr-00235-RCJ-PAL

**O R D E R**

Before the Court for consideration are Defendant's Objections to the Report and Recommendation of United States Magistrate Judge Peggy A. Leen (Def. Obj., Docket no. 26). Magistrate Judge Leen entered her Report and Recommendation on April 4, 2008 (R&R, Docket no. 22), recommending that Defendant's Motion to Suppress (Docket no. 12) be denied.

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(B) and LR IB 3-2, and accepts the Report and Recommendation of Magistrate Judge Leen.  IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge Peggy A. Leen (Docket no. 22) is accepted, and Defendant's Objections (Docket no. 26) are overruled.

**BACKGROUND**

On September 26, 2007, Defendant Hector Garcia ("Garcia") was indicted on charges of coercion and enticement in violation of 18 U.S.C. 2422(b).  The Indictment alleges that Garcia knowingly attempted to persuade, induce, or entice an individual under the age of eighteen to engage in sexual activity.  On September 20, 2007, Garcia, a twenty-nine year old staff sergeant with nine years in the military, was arrested at a park after attempting to meet an individual

identifying herself as "Emily." "Emily," Garcia thought, was a thirteen year old girl whom he had met on-line in November 2006, but was in fact the persona of the joint LVMPD/FBI Internet Crimes Against Children Task Force initiated under the direction of Detective Moniot. While "Emily" chatted about living with her grandmother and school, Garcia's conversations with her involved oral sex and intercourse. Garcia also commented on how he could get in trouble for being with a thirteen year old girl.

On September 20, 2007, Garcia went to the park to meet "Emily" as had been previously arranged. After parking and heading toward the slides where they were to meet, Garcia was arrested and handcuffed. Moniot was the primary case agent and told Garcia he would like to talk to him privately in his car. Moniot allowed Garcia to be handcuffed in front if he agreed to be non-combative, which he agreed to. In the car Garcia signed a written waiver of his rights and proceeded to engage in a taped conversation about the related events. Moniot testified that he only asked routine booking questions prior to the written waiver and the taped conversation in his car. At the end of the conversation, Garcia asked if he had seriously waived his rights to a lawyer, and Moniot, upon clarifying what Garcia meant, immediately ended the interview and questioning.

Garcia testified that Moniot did not ask him any questions about the case until after he signed the advice of rights form. Garcia also testified that he made statements to the effect of "Oh my God, what did I do?" while rocking back and forth in Moniot's vehicle and that these statements were not made in response to any police questioning. Garcia testified that Moniot was nonthreatening and friendly or informal and that he wanted to talk to Moniot. Garcia understood that he could not talk to Moniot until after he signed the advice of rights form and testified several times that he wanted to talk to Moniot. Garcia now seeks to suppress certain incriminating statements he alleges were made in custodial interrogation prior to administration of *Miranda* warnings.

1  Magistrate Judge Leen heard the Motion to Suppress and Objections and entered her
2  Report and Recommendation on April 4, 2008, recommending that Defendant's Motion to
3  Suppress (Docket no. 12) be denied.

**DISCUSSION**

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(B) and LR IB 3-2 and accepts the Report and Recommendation of Magistrate Judge Leen. Judge Leen correctly denied Garcia's Motion to Suppress. Judge Leen clearly outlines the argument in support of her recommendation. (R&R, Docket no. 22 at 9-15). Garcia objects to the report and recommendation essentially because Detective Moniot was friendly and nonthreatening when the incriminating statements were made. (Def. Obj., Docket no. 26 at 6). Judge Leen addressed this issue in her report and recommendation, relying on *Rhode Island v. Innis*. (R&R, Docket no. 22 at 11-12). In that case, although there may have been "subtle compulsion" at work in the police car, a conversation between officers did not amount to interrogation unless the officers had reason to know their comments were likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 303 (1980).

Here, Garcia's voluntary statements made in Moniot's presence, but not in response to his questions, are not the result of a custodial interrogation. Garcia was in custody when he made the statements but his incriminating comments were not made as a result of any questioning by Moniot. Garcia testified that the statements were not made in response to any questions by Moniot. (R&R, Docket no. 22 at 8). Although Garcia argues now that Moniot's friendly manner was designed to produce incriminating statements from Garcia, Judge Leen is correct in finding that Garcia was not subjected to custodial interrogation prior to the waiver of his rights. Moniot asked only routine booking questions, which are not the functional equivalent of interrogation. *E.g.*, *Innis*, 446 U.S. at 301; *United States v. Moreno-Flores*, 33 F.3d 1164, 1169 (9th Cir. 1994). Garcia wanted to talk to Moniot. Garcia himself testified that Moniot did

not ask him any questions regarding the case until after he had signed the written waiver form in Moniot's car. (R&R, Docket no. 22 at 8). Voluntary statements made during routine booking questioning to a "friendly and nonthreatening" detective, instead of in response to direct case questioning, are not custodial interrogation in violation of Fifth Amendment rights and will not be suppressed. *See, e.g.*, *Bryant v. Vose*, 785 F.2d 364, 368 (1st Cir. Mass. 1986); *United States v. Castro*, 723 F.2d 1527, 1532 (11th Cir. Fla. 1984); *United States v. La Monica*, 472 F.2d 580, 581 (9th Cir. Ariz. 1972).

Judge Leen is also correct in finding that Garcia was advised of and waived his *Miranda* rights, and the Court accepts her recommendation and findings regarding post-*Miranda* statements as well.

## CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate Judge Peggy A. Leen (Docket no. 22) denying Garcia's Motion to Suppress (#12) is **AFFIRMED AND ADOPTED**, and Defendant's Objections (Docket no. 26) are overruled.

DATED: September 24, 2008.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

(nk)